**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Michele K. Jaspan (mkj@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

   NUTMEG MUSIC INCORPORATED, d/b/a/
   NUTMEG CREATIVE d/b/a/
   NUTMEG AUDIO POST d/b/a/
   NUTMEG POST d/b/a/
   NUTMEG RECORDING,

                       Debtor.

Case No. 18-12056 (SHL)

**APPLICATION TO EMPLOY WELTMAN & MOSKOWITZ, LLP AS COUNSEL**
**TO DEBTOR AND DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO PETITION DATE**

Nutmeg Music, Incorporated d/b/a/ Nutmeg Creative d/b/a/ Nutmeg Audio Post d/b/a/ Nutmeg Post d/b/a/ Nutmeg Recording, the above-named debtor and debtor-in-possession ("Applicant"), by and through this application, seeks the entry of an order authorizing Applicant to employ Weltman & Moskowitz, LLP ("W&M") as counsel to Applicant *nunc pro tunc* to the Petition Date (as defined below).  In support of the Application, W&M submits the declaration of Richard E. Weltman, a partner at W&M ("Weltman Declaration"), and respectfully represents as follows:

**BACKGROUND**

1. On July 3, 2018 ("Petition Date"), Applicant filed a voluntary petition for reorganization under chapter 11, title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

2. Applicant is authorized to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or an examiner has been made in this case and no statutory committees have been appointed or designated.

## RELIEF REQUESTED

3. Applicant, as debtor-in-possession, seeks to employ W&M, as its bankruptcy counsel under a general retainer in connection with the chapter 11 case. Accordingly, Applicant respectfully requests entry of an order pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, Rules 2014(a), 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), authorizing Applicant to employ and retain W&M as its counsel to perform the legal services that will be necessary during this case, as summarized herein and in the accompanying Weltman Declaration.

## BASIS FOR RELIEF

4. The firm, by its partners RICHARD E. WELTMAN, ESQ. and MICHAEL L. MOSKOWITZ, ESQ., is duly admitted to practice before the United States District Court for the Southern District of New York.

5. Applicant has selected the firm of W&M because the firm has had considerable general experience in matters of this type involving debtor's rights and creditor remedies, including insolvency and reorganization matters. Applicant accordingly believes that the firm of W&M is well qualified to represent its interests as a debtor-in-possession in this proceeding.

6. The professional services that W&M has and will render include:

(a) Furnishing to Applicant legal advice with respect to its powers and duties as a debtor-in-possession in the continued management of its property.

2

(b) Preparing on behalf of Applicant as a debtor-in-possession the necessary petition, schedules, statements, proposed orders, operating reports and other legal papers.

(c) Drafting all necessary or appropriate motions, applications, answers, orders, reports and other papers in connection with the administration of Applicant's estate on behalf of Applicant.

(d) Performing all other legal services for Applicant as a debtor-in-possession which may be necessary under the circumstances of this case.

(e) Representing Applicant at the section 341 hearing and at all hearings scheduled before this court.

(f) Coordinating and acting as a liaison between the Applicant and the Office of the United States Trustee, any creditor's committee, and all other parties in interest.

(g) Negotiating with all other creditors, equity holders, and parties in interest including governmental authorities, and preparing for consideration a Disclosure Statement and proposed Plan of Reorganization.

(h) Aiding Applicant in its efforts to obtain confirmation of such Plan of Reorganization.

(i) Taking such other and further action with the advice and consent of the debtor and after such notice and hearing as may be necessary or appropriate for the benefit of the debtor, its creditors or its estate.

7. In view of the foregoing, it is necessary for the debtor-in-possession to engage an attorney sophisticated in bankruptcy matters to render appropriate professional services. Applicant desires to employ W&M under a general retainer because of their expertise and the extensive legal services believed to be required.

8. W&M will work closely with other professionals that may be retained by the Applicant and will take whatever steps are necessary and appropriate to avoid any unnecessary duplication of services with other professionals.

9. To the best of Applicant's knowledge, W&M has no connection with Applicant, its creditors or any other party in interest or their respective attorneys.

10. W&M is believed to represent no interest adverse to Applicant as a debtor-in-possession in the matters upon which it is to be engaged for Applicant as debtor-in-possession, and the approval of its employment would therefore be in the best interest of this estate.

11. W&M intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred on and after the Petition Date in connection with this chapter 11 case on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Local Rules, the guidelines established by the U.S. Trustee, and further orders of the Court.

12. Applicant seeks retention of W&M as its attorneys pursuant to Bankruptcy Code sections 327(a)[1] and 328(a),[2] and Bankruptcy Rule 2014(a).[3]

13. Notice of this Application has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) Citibank, N.A., Debtor's secured lender; (iii) the creditors holding the largest twenty (20) unsecured claims against the Debtor's estate, as identified in the Debtor's chapter 11 petition; (iv) Debtor's secured creditors; and (v) the parties having filed a Notice of Appearance. In light of the nature of the relief requested herein and the potential harm to the Debtor's estate if the relief requested herein is not granted, Debtor respectfully submits that no other or further notice need be provided.

---

[1] Section 327(a) provides, in relevant part, that a debtor, subject to Court approval "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title."

[2] Section 328(a) provides, in relevant part, that a debtor, subject to Court approval, may employ a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

[3] Bankruptcy Rule 2014 states that an application for retention include "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United Sates trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a).

14.     Applicant submits that for all the reasons stated above and in the accompanying Weltman Declaration, the retention of W&M as counsel to Applicant is warranted.  As stated in the Weltman Declaration, W&M is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14), as required by Bankruptcy Code section 327(a), and neither holds nor represents an interest adverse to the Applicant's estate, and has no connection to the Application, its creditors or their related parties.  Accordingly, the retention of W&M as counsel to Applicant should be approved.

**WHEREFORE**, Applicant prays that it be authorized to employ the law firm of W&M under a general retainer to represent it as a debtor and debtor-in-possession in this proceeding under chapter 11 of the Bankruptcy Code, and that it have such other and further relief as may be just.

Dated: New York, New York
       July 3, 2018

NUTMEG MUSIC, INCORPORATED, d/b/a
NUTMEG CREATIVE

By: _____
ANTHONY SPANEO, PRESIDENT

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF NEW YORK           )

**ANTHONY SPANEO**, being duly sworn, states:

I am President of Nutmeg Music, Incorporated, d/b/a Nutmeg Creative, the debtor and debtor-in-possession herein. I certify under penalty of perjury that the foregoing statements are true and correct.

**NUTMEG MUSIC, INCORPORATED, d/b/a NUTMEG CREATIVE**

By: _____
ANTHONY SPANEO, PRESIDENT

Sworn to before me this
6 th day of July, 2018

_____
Notary Public

KEEORA NAKYUA SPRUILL
Notary Public - State of New York
NO. 01SP6374597
Qualified in Bronx County
My Commission Expires Apr 30, 2022

6